Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EDWIN PÉREZ APONTE  Recurrido  v.  CARMELO SORIA LEBRÓN Y OTROS  Peticionarios | KLCE202300827 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas  Caso Núm. CG2022CV01646  Sobre: Ejecución de Hipoteca; Propiedad Residencial |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

I.

El 22 de agosto de 2022, el Sr. Edwin Pérez Aponte instó *Demanda Enmendada* sobre ejecución de hipoteca contra el Sr. Carmelo Soria Lebrón y la sucesión de la Sra. Ramonita Del Valle Fontánez. La sucesión Del Valle Fontánez está compuesta por Dimar Soria Del Valle, Dira Liz Soria Del Valle, Mayra Liz Vargas Del Valle y Carmelo Soria Del Valle. En lo concerniente a los hechos en controversia, el 28 de diciembre de 2022, se expidió el emplazamiento dirigido a la Sra. Mayra Liz Soria Del Valle.

El 16 de enero de 2023, el Sr. Luis E. Cordero Sánchez diligenció el emplazamiento dirigido a Mayra Liz Soria Del Valle mediante entrega personal en el estacionamiento del Banco Popular en Cidra. Posteriormente, el 6 de marzo de 2023, el señor Pérez Aponte instó *Moción Solicitando se Anote la Rebeldía,* fundado en que, la Sra. Mayra Liz Soria Del Valle había sido emplazada personalmente y desde entonces habían transcurrido más de treinta (30) días sin que hubiese contestado la *Demanda.*

Número Identificador

RES2023_____

El 14 de marzo de 2023, notificada el 15, el Foro primario emitió *Orden* y le anotó rebeldía a la Sra. Mayra Liz Soria Del Valle. Sin embargo, el 26 de abril de 2023, las señoras Dimar y Dira Soria Del Valle instaron *Moción para que se Desestime la Demanda por Falta de Parte Indispensable, Impugnación de Jurisdicción sobre la Persona y que se Levante la Rebeldía a Dimar y Dira Soria Del Valle.* Plantearon que, el Tribunal de Primera Instancia había expedido un emplazamiento para Mayra Liz Soria Del Valle y esa persona no era miembro de la sucesión ni nombrada parte demandada en el epígrafe. Sostuvieron que, quien debió emplazarse era la Sra. Mayra Liz Vargas Del Valle. Arguyeron que el Tribunal de Primera Instancia carecía de jurisdicción y la controversia no podía ser adjudicada sin la presencia de la señora Vargas Del Valle al tratarse de una parte indispensable.

Por su parte, el 15 de mayo de 2023, el señor Pérez Aponte presentó *Oposición a Desestimación y a Solicitud de Levantamiento de Rebeldía.* Adujo que el emplazamiento diligenciado personalmente era válido, ya que la señora Vargas Del Valle aceptó el emplazamiento, a pesar de que los apellidos estaban redactados erróneamente. Sostuvo que, no empecé al error en los apellidos, el emplazamiento se diligenció y presentó dentro del plazo reglamentario sin objeción alguna. Añadió que, al haberse diligenciado personalmente el emplazamiento, la señora Vargas Del Valle quedó enterada de la presente causa de acción en su contra lo que hace improcedentes los planteamientos de las señoras Soria Del Valle.

Atendidas las *Mociones,* el 16 de mayo de 2023, notificada el 17, el Foro primario emitió *Resolución* y declaró "No Ha Lugar" la *Moción de Desestimación.* Concluyó que, el señor Pérez Aponte diligenció personalmente el emplazamiento de la señora Vargas Del Valle por lo que no procedía su anulación por el mero hecho de

haberse denominado al demandado en el emplazamiento con un nombre incorrecto, cuando realmente fue la persona que se quiso demandar. Añadió, que las señoras Soria Del Valle no habían presentado evidencia que sustentara que en efecto la señora Vargas Del Valle no había sido emplazada.

El 1 de junio de 2023, las señoras Soria Del Valle instaron *Reconsideración.* Alegaron que, el peso de la prueba para establecer que en efecto se había emplazado a la señora Vargas Del Valle y no a otra persona, recaía en el demandante. Sostuvieron que, la certificación bajo juramento del emplazador al dorso del emplazamiento indicaba que se emplazó a Mayra Liz Soria Del Valle. Habiéndose emplazado a una persona distinta a Mayra Liz Vargas Del Valle, en el pleito faltaba una parte indispensable de la sucesión Del Valle Fontánez.

El 21 de junio de 2023, el señor Pérez Aponte presentó *Oposición a Moción de Reconsideración.* Argumentó que, aunque había un error en el primer apellido de la señora Vargas Del Valle, ésta recibió el emplazamiento personalmente. Atendidas las *Mociones* el Foro primario emitió *Resolución* y declaró "No Ha Lugar" *Reconsideración.* Inconformes aún, el 24 de julio de 2023, las señoras Soria Del Valle acudieron ante nos. Plantean:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL EMPLAZAMIENTO TIENE UN MERO ERROR EN EL APELLIDO Y QUE NO PROCEDE LA DESESTIMACIÓN POR FALTA DE JURISDICCIÓN.**

Evaluado el recurso ante nuestra consideración, el 21 de agosto de 2023, emitimos *Resolución* concediéndole término de diez (10) días al señor Pérez Aponte para que mostrara causa por la cual no debíamos expedir el Auto y revocar el dictamen recurrido. A esos efectos, el 24 de agosto de 2023, el señor Pérez Aponte nos solicitó, con éxito, prórroga para comparecer.

El 8 de septiembre de 2023, el señor Pérez Aponte compareció ante nos mediante *Moción en Cumplimiento de Orden para Mostrar Causa*. Alegó que se había realizado el emplazamiento de la persona correcta y que solo hubo un error en el primer apellido de la señora Vargas Del Valle. Sostuvo, que, aunque no contaba con evidencia adicional para probar la corrección del emplazamiento realizado, ello no conllevaba la desestimación de la *Demanda*. En todo caso, procedía que se expidiera un nuevo emplazamiento con el nombre correcto.

Por su parte, el 14 de septiembre de 2023, las señoras Soria del Valle instaron *Moción para que se Imponga Temeridad conforme a la Regla 85 y que se Conceda el Remedio Solicitado por la Parte Apelante*. Mientras que, el 20 de septiembre de 2023, el señor Pérez Aponte presentó *Moción en Oposición a Solicitud de que se Imponga Temeridad*.

Posteriormente, el 3 de octubre de 2023, el señor Pérez Aponte instó *Moción Solicitando la Desestimación del Certiorari Presentado por la Parte Apelante*. Sostuvo que el presente recurso se había tornado académico, toda vez que el 2 de octubre de 2023, la señora Vargas del Valle, también conocida como Mayra Liz Enamorado,[1] compareció ante el Foro primario por derecho propio mediante *Contestación a Demanda* y había confirmado haber sido emplazada por el señor Cordero en el estacionamiento del Banco Popular en Cidra[2].

En atención a dicha *Moción*, el 12 de octubre de 2023, emitimos *Resolución* concediéndole término de veinte (20) días a las señoras Soria Del Valle para que se expresaran. Tras concederle una

---

[1] La señora Vargas Del Valle anejó a la *Contestación a Demanda*, su licencia de conducir expedida por el Gobierno de Puerto Rico donde se identifica como Mayra Liz Enamorado.

[2] Como parte de su *Moción*, el señor Pérez Aponte incluyó la *Contestación a Demanda* presentada por la señora Vargas Del Valle. De dicha *Contestación* se desprende que, la señora Vargas Del Valle incluyó su dirección postal para ser notificada de todo trámite que surgiera en el presente caso.

prórroga, el 16 de noviembre de 2023, comparecieron mediante documento intitulado *Para que el Honorable Tribunal Apelativo Expida Certiorari para Ordenar al TPI que Celebre una Vista Evidenciaria para Garantizar la Identidad del Co-Demandado.* En síntesis, reiteraron que, el Foro primario debía celebrar una vista evidenciara para garantizar la identidad de la señora Vargas Del Valle. Basaron su pedido en que, la señora Vargas Del Valle había suscrito su *Contestación a Demanda* identificándose como Mayra Liz Enamorado y que había anejado una licencia de conducir con dicho nombre. Ello así, había una incongruencia entre la persona demanda y emplazada, y quien había comparecido.

## II.

De entrada, atendemos si los nuevos desarrollos fácticos y procesales inciden en la justiciabilidad de la controversia ante nuestra consideración, tornándola académica.

Sabido es, que un caso es académico, cuando "se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que éste haya sido reclamado o una sentencia sobre un asunto, que al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente".[3] Nuestro más alto foro ha expresado que "una controversia puede convertirse en académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial torna en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstractos".[4] Al evaluar el concepto de academicidad hay que concentrarse en "la relación existente entre los eventos pasados que dieron inicio al pleito y la adversidad presente".[5] Así pues, un caso se convierte en académico cuando con

---

[3] *San Gerónimo Caribe Project* v. *A.R.P.E.*, 174 DPR 640, 652 (2008). *Véase*, además, *PPD* v. *Gobernador I*, 139 DPR 643, 675 (1995); *CEE* v. *Depto. de Estado*, 134 DPR 927 (1993).
[4] *San Gerónimo Caribe Project*, 174 DPR, págs. 652-653 (citas omitidas).
[5] *PPD*, 139 DPR, pág. 676.

el paso del tiempo su condición de controversia viva y presente se ha perdido.[6]

Es de amplio conocimiento que los casos se tornan académicos al ocurrir cambios durante el trámite judicial produciendo que la controversia planteada pierda actualidad. Ello, pues el remedio que se pueda obtener del tribunal no tendrá efecto real alguno respecto a dicha controversia.[7] La academicidad ocasionada al tratar de obtener un fallo sobre una controversia realmente inexistente, provoca que la determinación del tribunal constituya una opinión consultiva sin efecto práctico sobre las partes.[8] Por imperativo constitucional ante la ausencia de un "caso o controversia", o por motivo de autolimitación judicial, una vez se determina que un caso es académico, los tribunales deben abstenerse de considerarlo en sus méritos.[9]

Se han elaborado una serie de excepciones que, de estar presente alguna de ellas, permiten que se considere un caso posiblemente académico, a saber: 1) una cuestión recurrente o susceptible de volver a ocurrir; 2) cuando el demandado ha modificado la situación de hechos, pero el cambio no aparenta ser permanente; y 3) cuando aspectos de la controversia se tornan académicos, pero subsisten consecuencias colaterales que tienen vigencia y actualidad.[10] Sin embargo, estas excepciones tienen que usarse con mesura, pues no se pueden obviar los límites constitucionales que inspiran la doctrina de academicidad.[11]

---

[6] Íd.

[7] *Noriega* v. *Hernández*, 135 DPR 406, 437-441 (1995); *Asoc. de Periodistas* v. *González*, 127 DPR 704, 717-722 (1991); *El Vocero* v. *Junta de Planificación*, 121 DPR 115, 123-125 (1988).

[8] *El Vocero*, 121 DPR, págs. 123-125.

[9] *Bhatia Gautier* v. *Gobernador*, 199 DPR 59, 73-74 (2017); *Díaz Saldaña* v. *Acevedo Vila*, 168 DPR 359, 386-389 (2006); *Asoc. de Periodistas,* 127 DPR, págs. 717-722.

[10] *Bhatia,* 199 DPR, págs.73-74*; Asoc. Fotoperiodistas* v. *Rivera Schatz,* 180 DPR 920, 932-935 (2011); *UPR* v. *Laborde Torres y otros*, 180 DPR 253, 280-283 (2010), *Angueira* v. *JLBP.*, 150 DPR 10, 19-20 (2000).

[11] *Asoc. Fotoperiodistas,* 180 DPR, pág. 933.

Una vez se establece que un pleito es académico, los tribunales deben abstenerse de considerarlo en sus méritos.[12] De conformidad con ello, la Regla 83(B)(5) de nuestro Reglamento, autoriza desestimar un recurso cuando este se ha tornado en académico.[13]

### III.

Como relacionamos previamente, las señoras Soria Del Valle sostienen que, la Sra. Mayra Liz Vargas Del Valle no ha sido debidamente emplazada. Basan su contención en que, el emplazamiento fue dirigido a nombre de Mayra Liz Soria Del Valle. Sin embargo, el señor Pérez Aponte en reiteradas ocasiones ha planteado que meramente se trató de un error en el apellido, y que la señora Vargas Del Valle fue debidamente emplazada en el estacionamiento del Banco Popular ubicado en Cidra. A esos efectos, sostiene que la señora Vargas Del Valle está enterada de la presente causa de acción, cumpliéndose así, con el propósito del emplazamiento.

Pendiente el caso ante nos, el 2 de octubre de 2023 la Sra. Mayra Liz Vargas Del Valle t/c/c Mayra Liz Enamorado presentó por derecho propio *Contestación a Demanda* ante el Tribunal de Primera Instancia. En su escrito sostuvo que había sido emplazada el 16 de enero de 2023, en el estacionamiento del Banco Popular. Expresó, además, que se sometía a la jurisdicción del Foro primario y solicitó que se le remitiera cualquier notificación relacionada al presente caso.

Ciertamente, una vez la Sra. Mayra Liz Vargas Del Valle t/c/c Mayra Liz Enamorado, parte cuyo emplazamiento es cuestionado, el pasado 2 de octubre de 2023 se sometió a la jurisdicción del tribunal

---

[12] *Super Asphalt Pavement, Corp.*, 206 DPR, pág. 816; *Misión Industrial* v. *Junta de Planificación,* 146 DPR 64 (1998).
[13] 4 LPRA Ap. XXII-B, R. 83.

contestando la *Demanda* y expresando, además, que se sometía a la jurisdicción del Foro primario. Ello, extinguió la controversia en cuanto a la jurisdicción sobre su persona y tornó académico el presente recurso, por lo que procede su desestimación.

IV.

Por los fundamentos antes expuestos se *desestima* el Recurso por haberse tornado académico.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones